UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Wrobel, | 2:23-cv-00969-CDS-MDC |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | |
| Hardesty et al., | |
| Defendant(s). | |

Pro se plaintiff, Anthony Wrobel, is an incarcerated individual who filed an application to proceed *in forma pauperis* (IFP). ECF No. 1. The Court denied the IFP application and ordered plaintiff to either file an updated IFP or to pay the filing fee. ECF No. 6. Since plaintiff has paid the filing fee (ECF No. 7), this Court now screens his complaint (ECF No. 1-1). It is recommended that plaintiff's complaint be dismissed.

## DISCUSSION

### I.  Whether Plaintiff's Complaint States a Plausible Claim

#### a.  Legal Standard

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012)* A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### b. Complaint

The proposed complaint (ECF No. 1-1) names as defendants, Nevada Supreme Court Justices: Justice Hardesty, Justice Parraguirre, Justice Cadish, Justice Pickering, Justice Stiglich, Justice Silver, and Justice Herndon. Plaintiff brings a brings the civil rights complaint under 28 U.S.C. § 1331, alleging that Senate Bill No. 182 is facially defective and that all statutes derived from the bill are also unconstitutional. *Id.* Plaintiff asserts that the Statute Revision Commission, now the Legislative Counsel Bureau, is unconstitutional. ECF No. 1-1 at 5. Plaintiff contends that the inclusion of three Justices in the Commission violated (1) the separation of powers doctrine and (2) his due process and equal protection rights. ECF No. 1-1. Plaintiff seeks: (1) "[one] million a year for the 5 years [as a kidnapped victim] from each defendant; (2) criminal investigation on this issue; and (3) a trial as soon as possible." ECF 1-1 at 6.

### i. Failure To State A Claim Upon Which Relief Can Be Granted.

Mr. Wrobel fails to state a claim arising from the creation of the Statute Revision Commission. Mr. Wrobel asserts that the inclusion of the three Justices improperly delegated legislative powers, violating the separation of powers doctrine. ECF No. 1-1. Including the case at bar, there are at least ten other similar cases. *See Perez-Marquez v. Lumbardo*, 2023 U.S. Dist. LEXIS 150516 (D. Nev. Aug. 24, 2023), at 3. Each of those challenges failed. *Id.* And so does Mr. Wrobel's. *See Marquez-Perez v. Nevada*, 2022 U.S. Dist. LEXIS 194800 (D. Nev. Oct. 25, 2022), at 5. As the court in *Marquez-Perez* noted:

> The Nevada Supreme Court recently addressed a similar issue in *State v. Taylor*, 472 P.3d 195 (Nev. 2020) (table). In *Taylor*, the appellant claimed that his counsel was ineffective because they failed to challenge the constitutionality of the Statute Revision Commission. *Id.* at 195 at 5. There, the court held that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau — which succeeded the statute revision commission — codifies and classifies" laws "in a logical order, but not itself exercising the legislative function." *Id.* The Court held that the trial court did not err in denying the appellant's claim because she failed to show how the Commission "encroached upon the powers of another branch of government, violating the separation of powers." *Id.; see Comm'n on Ethics v. Hardy*, 125 Nev. 285, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of powers doctrine is to prevent one branch from encroaching on the powers of another branch.").

*Id.* at 2.

Mr. Wrobel also asserts that the Nevada Supreme Court Justices have violated the Racketeer Influenced and Corrupt Practices Act ("RICO")[1], 18 U.S.C. § 1961, *et seq.,* by "engaging in dual employment and legislative acts." ECF No. 1-1, at 3. However, there are two issues with Mr. Wrobel's assertions. First, Mr. Wrobel asserts a RICO violation, but does not list it as a cause of action. ECF 1-1. Second, even when liberally construing Mr. Wrobel's complaint to include a RICO violation as a cause

---

[1] Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). The federal RICO statute requires plaintiffs to plead a "pattern of racketeering activity," which is defined to "require at least two acts of racketeering activity." *Sobocienski v. Haeker*, 2020 U.S. Dist. LEXIS 200658, at 3-4 (D. Nev. Oct. 28, 2020) (quoting *Top Rank Builders, Inc. v. Charles Abbott Assocs.*, No. 2:16-cv-02903-APG-CWH, 2017 U.S. Dist. LEXIS 166905 at 7 (D. Nev. Oct. 6, 2017) (quoting 18 U.S.C. §§ 1961-1962)). "[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004).

of action, the alleged violation arises under the theory that the Legislative Counsel Bureau is unconstitutional. Since the question of constitutionality was addressed previously, and found that there was no constitutional violation, Mr. Wrobel's RICO violation claim fails.

Accordingly, the Court recommends that Mr. Wrobel's complaint be dismissed because it lacks an arguable basis either in law or fact. *Id. See Igbinovia v. McDaniel*, No. 3:10-cv-00525, 2010 U.S. Dist. LEXIS 138223, 2010 WL 5288167, at *2 (D. Nev. Dec. 17, 2010) ("All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.").

## II.     The Defendants.

The complaint should be dismissed because Mr. Wrobel's claims for money damages against the named judicial defendants are barred as a matter of law. Judges are entitled to absolute judicial immunity for acts performed in their official capacity. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives…or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *Id.* (citations omitted). "Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error.'" *Id.* (citation omitted). "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive, or other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). The claims against the judicial defendants in this action are for money damages and arise from defendants' judicial action during the course of judicial proceedings. Therefore, Mr. Wrobel cannot state a claim against the named defendants as a matter of law and his complaint should be dismissed. *See id.*

### a.     Recommendation to Dismiss Complaint

Although *Cato* states that *"*the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies," it also states that such leave is given "**unless** it is clear from the face of the complaint that deficiencies **could not be cured through amendment**." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

Mr. Wrobel cannot cure the deficiencies in his complaint. The deficiencies are based upon legal authority that precludes both the claims and defendants, and not caused by inadequate factual pleading that may be cured. Mr. Wrobel failed to allege a claim arising from the creation of the Statute Revision Commission. Additionally, Mr. Wrobel cannot seek monetary relief from persons who are immune to such relief; and cannot demand for a criminal investigation for judges who are entitled to absolute judicial immunity.

For the foregoing reasons, it is recommended that Mr. Wrobel's complaint be dismissed because amendment would be futile. *See Deere v. Brown*, No. 11CV1579 WQH JMA, 2012 WL 4740328, at *3 (S.D. Cal. Oct. 3, 2012); *see also Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

ACCORDINGLY,

IT IS RECOMMENDED that the Complaint (ECF No. 1-1) is DISMISSED WITHOUT LEAVE TO AMEND.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 1st day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge