UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Wrobel,<br><br>                        Plaintiff<br><br>        v.<br><br>Hardesty, J., et al.,<br><br>                        Defendants | Case No.: 2:23-cv-00969-CDS-MDC<br><br>**Order Overruling Plaintiff's Objection, Adopting Magistrate Judge's Report and Recommendation, and Closing Case**<br><br>[ECF Nos. 9, 10] |

  Pro se plaintiff Anthony Wrobel, who is currently incarcerated by the Nevada Department of Corrections, bring this action challenging Senate Bill No. 182 (enacted on March 9, 1951, establishing a commission for the three then-sitting Justices of Supreme Court of Nevada to prepare a complete revision and compilation of the constitution and the laws of Nevada). After screening the complaint, Magistrate Judge Maximiliano D. Couvillier III recommends that I dismiss Wrobel's complaint because it lacks an arguable basis either in law or in fact. R&R, ECF No. 9. Wrobel objects to the Report and Recommendation (R&R). ECF No. 10. Having considered the objection and the R&R, I agree with Judge Couvillier, overrule Wrobel's objection, adopt the R&R in full, and kindly instruct the Clerk of Court to close this case.

I. **Legal standard**

  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-2(b); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if

the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Id.* (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

## II. Discussion

The R&R concludes that Wrobel's complaint should be dismissed because it lacks an arguable basis either in law or fact. ECF No. 9 at 3–4; *see Neitzke v. Williams*, 490 U.S. 319, 328–30, (1989) (A complaint is frivolous for purposes of § 1915(e)(2) if it lacks any arguable basis in fact or in law.). Judge Couvillier finds that because no court has declared Senate Bill 182—or the 1951 Statute Revision Commission it established—unconstitutional, Wrobel's RICO violation claim fails. *Id.* He further notes that the ten similar actions filed in this district, challenging the constitutionality of Senate Bill 182 and of the Statute Revision Commission, have been unsuccessful. *Id.* at 3. In other words, the argument that Wrobel advances—that Senate Bill 182 is unconstitutional, and any act derived from it is void—has been categorically rejected. Further, because Wrobel's claims for money damages against the named judicial defendants are barred as a matter of law, Judge Couvillier recommends that the complaint be dismissed without leave to amend. *Id.* at 5.

Wrobel objects to the findings in the R&R. As Wrobel is proceeding pro se, his pleadings are held to less stringent standards than formal pleadings drafted by lawyers, and I liberally construe documents filed by pro se litigants to afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Notwithstanding the lesser pleading standard afforded to pro se parties, Wrobel's objection fails to specifically object to any portion of the report and recommendation. *See generally* ECF No. 10. Wrobel raises no argument to

suggest any mistake or legal error in the analysis performed in the R&R, and fails to identify any relevant statute, case law, or rules of procedure that Judge Couvillier misapplied. Because Wrobel fails to object with specificity as required by Rule 72, I am permitted to overrule the objection without further analysis. *See* Fed. R. Civ. P. 72(b); *see also Igbinovia v. McDaniel*, 2010 WL 5288167, at *2 (D. Nev. Dec. 17, 2010) ("All or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact.")). I nonetheless conducted a de novo review of the R&R.

Wrobel brings this lawsuit against seven justices of the Supreme Court of Nevada. ECF No. 1-1. He argues that "Justices of the Supreme Court of Nev[ada] . . .cannot engage in dual employment and cannot do legislative acts." ECF No. 1-1 at 3. Wrobel further asserts "that this is a 'RICO' violation by the defendants." *Id.* As the R&R correctly concludes, members of the judiciary are shielded by absolute immunity for their official judicial actions, unless the act is not normally a judicial function. *See State v. Second Jud. Dist. Ct. ex rel. Cnty. of Washoe*, 55 P.3d 420, 424 (Nev. 2002) (recognizing that judges are afforded absolute immunity in connection with their judicial functions). The allegations against the defendants appear to relate directly to their judicial function, thus Wrobel cannot prevail because they are immune from suit. Indeed, regardless of the legal theory that Wrobel seeks to employ in an effort to sue the justices, his claims fail as a matter of law.

Wrobel alleges that the defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") statute by "engaging in dual employment and legislative acts" and because they "failed to disclose the fact that all statutes in Nev[ada] are defective." ECF No. 1-1 at 3–4. To state a civil RICO claim, a plaintiff must prove "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as 'predicate acts'), (5) causing injury to the plaintiff's 'business or property'" by the conduct constituting the violation. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citation omitted).

To constitute a pattern of racketeering activity, a plaintiff must show at least two valid predicate acts that are "indictable" under RICO within 10 years of one another. 18 U.S.C. §§ 1961(1) and (5), 1962(a)-(c); *accord Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237 (1989). After reviewing Wrobel's complaint, I do not find that he alleged a single predicate act sufficient to sustain a RICO claim, much less two. Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Wrobel has not and cannot allege a viable predicate act against these defendants, amendment of his RICO claim would be futile.

Having conducted a de novo review of the R&R and of Wrobel's objection, I find that he failed to demonstrate either that his case has a basis in law or fact or why the R&R should not be adopted. Thus, Judge Couvillier's recommendation to dismiss Wrobel's complaint without leave to amend is correct and must be affirmed. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 722 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile.").

### III.   Conclusion

IT IS THEREFORE ORDERED that Wrobel's objection to the R&R **[ECF No. 10] is OVERRULED**, and Judge Couvillier's R&R **[ECF No. 9] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that Wrobel's complaint **[ECF No. 1-1] is DISMISSED** with prejudice. The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: February 22, 2024

_____
Cristina D. Silva
United States District Judge